SMITH v. SECOR et al.

(Supreme Court, Appellate Division, First Department. June 24, 1898.)

WILLS—CONSTRUCTION—PARTIAL INTESTACY.

In an action of partition, it appeared that the land in question was devised by a testatrix, in trust, during the lives of two specified persons, to receive and apply the rents in equal shares to the use of six of her children, and, upon the termination of the trust, to sell "all my real and personal estate, and divide" the proceeds "equally among all my said six children, then living, * * * and, in case any of them should then be dead" leaving no issue, "then said child's share so dying shall go to and be equally distributed between all my said children then living and the descendants of such as may then be dead." One of these children died before the testatrix. Held, that there was no partial intestacy, as, upon

the termination of the trust, the share of the deceased child would pass with the other shares to those who should then be entitled under the ultimate devise of the will.

Appeal from special term, New York county.

Action by Mary Elizabeth Smith against Rienzi A. Secor and others. From an order refusing to relieve Irving Bachrach, purchaser, of his purchase at sale in partition, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, and INGRAHAM, JJ.

Julius J. Frank, for appellant.

James Stikeman, for respondent.

INGRAHAM, J. Mary A. Secor, the owner of the property sought to be partitioned in this case, died in the city of New York on the 14th day of June, 1894. At the time of the execution of her will she had seven children living, one of whom, Charles A. Secor, died before the testatrix, in January, 1888, intestate, unmarried, and without issue. The right of the plaintiff to maintain this action of partition depends upon whether the testatrix died intestate as to one-seventh of her real estate. The will, after making certain specific bequests and devises, by the tenth clause thereof disposes of the rest, residue, and remainder of the estate as follows:

"I hereby devise all the rest, residue, and remainder of my real and personal estate into seven parts, and I do hereby give, devise, and bequeath six of said seven parts to my executrix and executors hereinafter named, whom I appoint as trustees, to have and to hold one of said seven parts in trust for each of my children here named, to wit [Charles A. Secor being one of the children named]. * * * Said trust shall continue during the lives of my daughter Adelle and my son Rienzi A. * * * And said trustees are directed to rent all said real estate, and invest all said personal estate, to the best advantage possible, during the lives of my daughter Adelle and my son Rienzi A. Secor."

By the eleventh clause the will disposes of the income thus to be received by the trustees. By the second subdivision of the eleventh clause, all the rest, residue, and remainder of the annual net rents, issues, income, and profits received by the trustees from the said six-sevenths of the estate was to be "divided equally among all my said six children," naming them, of whom Charles A. Secor was one, "and one-seventh given to each of my said children." Provision is then made for the disposition of such income on the death of any of the said children "during the period of this trust." By the twelfth clause of the will it is provided:

"After the death of my daughter Adelle and my son Rienzi A., thus terminating this trust, I order and direct my said trustees, or their successors in trust, to sell all my real and personal estate, * * * and to divide and distribute the net amount of money thus received equally among all my said six children then living. If any of my said children be then dead, leaving, them surviving, children or the descendants of any child, then such child, or the descendants of any such child, shall take and receive the amount my child would be entitled to if then living. And in case any of my said children should then be dead, leaving no child or children, nor the descendants of any, then such child's share so dying shall go to and be equally distributed between all my said children then living and the descendants of such as may then be dead."

The intention of the testatrix is thus expressed in unmistakable terms. The trust was to continue during the life of her daughter Adelle and her son Rienzi A., independently of the lives of those children whom she had designated as the ones who should receive the income of the trust during its continuance. Upon the termination of the trust at the death of her daughter Adelle and her son Rienzi A., the trustees, or their successors in trust, were directed to sell all her real and personal estate, that they might make the final disposition which she directed should then be made of it. What is here distributed is not the share of those children who should then be living, but all of the testatrix's real and personal estate; and the disposition made is that it shall be divided among her six children named, who shall then be living. The will then expressly disposes of the share of any one of those six children who should die before this time of distribution arrived, and this applies to the share of the child who should die before the testatrix as well as to the share of one who should die during the pendency of the trust, for the language used as to the share of a child who is dead is not as in the eleventh clause where the income is disposed of. There it is provided that, if any of the testatrix's children should die during the period of the trust, the share of the income payable to the child so dying should be disposed of. But here, upon the final disposition of the estate, the provision is, "if any of my said children be then dead," which would apply as well to a child dying before the death of the testatrix as to one dying afterwards. Thus, the share of a child who was dead at the time of the distribution of the trust estate was disposed of by this twelfth clause of the will; and this ultimate disposition of the property by the sale by the successors of the trustees, upon the death of the two trustees named in the will, would include a disposition of the share which would have come to Charles A. Secor if he had lived, as well as of the shares of the other children named who survived the testatrix. It would seem, therefore, that, upon the execution of this power of sale by the trustees, the share which this judgment has determined to have vested in the heirs at law of the testatrix would be sold by the trustees, and the proceeds distributed among those then entitled to a distributive share thereof; and such distribution would depend upon those children who had survived the period during which the trust was continued and those who had died during that period leaving descendants. The expressed intention of the testatrix was that this trust should continue unaffected by any contingency during the lives of the two children named, and that upon their death the proceeds of the trust estate should be distributed to those who survived the trust terms. Those to whom this distributive share should go could only be determined at the termination of the trust estate.

If we are to give effect to this expressed intention, repeated again and again in unmistakable terms, it seems necessary that this trust should continue during the lives of the two persons named in the will, as to all of the testatrix's real and personal estate. Then, as one of the persons who was to receive one-seventh of the net income died before the testatrix, and as no provision was made for the payment of such share of the income during the continuance of the trust, the provision

of the Revised Statutes (1 Rev. St. p. 726, § 40) applies, viz.: "When in consequence of a valid limitation of an expectant estate there shall be a suspense of the power of alienation or of the ownership, during the continuance of which the rents and profits shall be undisposed of, and no valid direction for their accumulation is given, such rents and profits shall belong to the persons presumptively entitled to the next eventual estate;" and this undisposed of income is to be applied as therein directed.

I have examined the cases cited by the parties, but it seems to be unnecessary to review them. As was said by the court of appeals in McLean v. Freeman, 70 N. Y. 89:

"It may be difficult to harmonize all the reported decisions bearing upon the question in hand, and each case must, in the application of general and recognized principles, depend very much for its result upon its own peculiar circumstances. The principle that the intent of the testator must control, when not inconsistent with the terms of the will, is too firmly established to be now questioned."

And to give effect to the intention of the testatrix, as clearly expressed in this will, it seems to me that this construction is the only one that can be adopted. The decision of the court of appeals in McLean v. Freeman, supra, is an authority for the construction of this will above indicated. In that case a trust was created for the benefit of the testator's sons William and Alexander, with a provision for the disposition of the share so held in trust in case of the death of either of the said sons, and with a devise over in case of his death while the whole or any part of said share so held in trust for him should continue to be so held in trust. But the court held that the ultimate gift or devise over took effect, notwithstanding the death of one of the sons during the lifetime of the testator, as necessary to carry out the intention of the testator.

I do not think that the judgment in this action would protect the purchaser. By the will those entitled to a distributive share can only be ascertained when the trust estate has determined, and they take under the will, and not as representatives of either of the parties to this action. I do not see how this judgment could bind those now unborn, and not parties to this action, and who could insist upon the execution of the power and the distribution of the trust estate.

I think, therefore, that the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

---

## In re MULLER et al.

(Supreme Court, Appellate Division, First Department. June 24, 1898.)

1. TRUST FUND—DEPOSIT WITH TRUST COMPANY—INTEREST.

The mere fact that a surrogate's order, upon the settlement of the accounts of an executor, in setting apart a specific fund to be held under a testamentary trust to receive and apply income, directs it to be deposited in a trust company, does not warrant continuing such deposit beyond the time required for temporary safety while seeking a permanent lawful installment, and, if retained there longer, the trustee is chargeable with a sum sufficient to bring the interest up to 6 per cent.